## In re KNIGHT.
### No. 15563.

District Court, D. Connecticut.
Nov. 23, 1934.

Wilson & Hanna, of Danbury, Conn., for farm debtor.

William H. Cable, of Danbury, Conn., for Harry B. Bristol, foreclosing creditor.

HINCKS, District Judge.

The farm debtor having shown by petition verified and filed October 23, 1934, that the respondent had instituted foreclosure proceedings against the farm debtor, this court on that day issued its order restraining the prosecution of said foreclosure suit pending hearing on an order requiring the respondent to show cause why his said foreclosure should not be enjoined.

At the hearing upon said show cause order, held November 2, 1934, the respondent by answer contended that the farm debtor herein was not a "farmer" within the definition of section 75 (r) of the Bankruptcy Act (11 USCA § 203 (r), which provides as follows: "The term 'farmer' means any individual who is personally bona fide engaged primarily in farming operations or the principal part of whose income is derived from farming operations," etc.

Upon the evidence I find the facts to be as follows:

The petitioner, with her husband, are the owners of the equity in a house in New York, which they left in 1932 in order to purchase a place in Danbury, comprising six acres of land. On this Danbury real estate is a small bungalow residence, a combination tearoom and vegetable stand, a garage, and, by the highway, a gasoline pump. These premises, the foreclosure of which it is sought to restrain, the farm debtor, together with her husband, has occupied since 1932. Of the land, about five acres are in the rough, and not a source of income. The debtor, however, has cultivated about one and a half acres and has raised vegetables thereon. She has also raised chickens, housed in the garage. Of the vegetable crop about one-fourth she has sold raw on her vegetable stand, and the remainder thereof she has used in furnishing the family needs and her lunchroom necessities. She has also used the lunchroom to dispose of such eggs and poultry as were raised on the place. In the summer season the eggs were sold largely in food for consumption on the premises, and in winter the eggs have been sold raw. In the summer, by converting eggs, garden produce, and poultry into prepared food, the debtor obtained a far greater price than the market for such products raw. As a result, and disregarding her sale of gas, which is insignificant in amount, it appears clearly that the greater part of the debtor's revenue was due to her own labor in converting raw foodstuffs into prepared food, and not in the production of raw foods.

In addition to these factors, we have the New York house which yields a gross rental to the debtor of $50 monthly. Substantially all of this income is required for taxes, interest, and upkeep.

It is, I think, impossible to evolve a concise definition of a "farmer." Doubtless each case must be decided on its own particular facts. But, in general terms, I construe the statutory definition quoted above to mean by "farming operations" the production of raw food or other material by natural processes of growth and to include the production of poultry and eggs. And "income" I construe to mean "gross income." Otherwise, when, by drought or depressed

market conditions, the agricultural producer operates at a loss, he would cease to be a farmer entitled to the benefits of the act, if he had any net income from nonfarming operations. Certainly Congress did not intend that such a producer should cease to be a "farmer" and lose the benefits of the act at the very time when he is most in need.

I therefore conclude that, even leaving out of account the New York real estate and its income, the debtor herein is not a "farmer" within the meaning of section 75 of the Bankruptcy Act. A fortiori is that conclusion required when the income of the New York real estate is taken into account.

It follows that the debtor is not entitled, under the provisions of section 75 of the act, to restrain the foreclosure, and the temporary order to that effect heretofore granted is terminated.

Ordered accordingly.